## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. _____ |
| v. | ) | |
| | ) | |
| LYNN TOWNSEND, Individually and as | ) | |
| Executrix of the Estate of Robert P. Townsend, | ) | |
| ARON G. WEINER, as Administrator of the | ) | |
| Estate of Sandra Delores Bunton, and | ) | |
| LAWRENCE BUNTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW Plaintiff ACE American Insurance Company ("ACE American") and files

this Declaratory Judgment action against Defendants LYNN TOWNSEND, Individually and as

Executrix of the Estate of Robert P. Townsend, ARON G. WEINER, as Administrator of the

Estate of Sandra Delores Bunton, and LAWRENCE BUNTON, and alleges as follows:

### Introduction

1.     This is an action for Declaratory Judgment pursuant to 28 U. S. C. § 2201 to

determine and resolve questions of actual controversy involving a commercial general liability

policy issued by ACE American under which Lynn Townsend seeks underinsured motorist

coverage in both her individual capacity and as Executrix for the estate of Robert P. Townsend.

2.     By letter dated October 14, 2008, Lynn Townsend made a demand under ACE

American policy no. ISA H08237013, seeking the limits of that liability policy for the death of

her husband, Robert Townsend, and injuries that Lynn Townsend sustained individually in an

automobile accident that occurred on May 31, 2008. A copy of the October 14, 2008 demand letter, without the voluminous exhibits referenced therein, is attached hereto as Exhibit "A."

3.      ACE American issued policy no. ISA H08237013 to SABIC Innovative Plastics, the employer of Robert Townsend at the time of the accident, and the owner of the vehicle driven by Robert Townsend that was involved in an automobile accident that occurred on May 31, 2008.

4.      ACE American seeks a declaration from this Court that it does not owe uninsured motorist coverage to Lynn Townsend as is set forth more fully below.

5.      ACE American denies that it has any duty to pay underinsured motorist benefits in the event that Lynn Townsend is awarded damages in connection with the lawsuit she filed in the State Court of Chatham County, Georgia, styled *Lynn Townsend, Individually and as Executrix of the Estate of Robert P. Townsend v. Aron G. Weiner, as Administrator of the Estate of Sandra Delores Bunton and Lawrence Bunton*, Civil Action No. STCV09-00275, (the "Townsend Litigation"). A copy of the Complaint filed in the Townsend Litigation is attached hereto as Exhibit "B."

### The Parties

6.      Plaintiff ACE American is an insurance company incorporated under the laws of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

7.      Defendant Lynn Townsend, individually and in her capacity as Executrix of the Estate of Robert Townsend, is a resident of Chatham County, Georgia and can be served with a copy of this Summons and Complaint at 5 Log Landing Road, Savannah, Georgia 31411.

2

8.     Defendant Aron G. Weiner, in his capacity as Administrator of the Estate of Sandra Delores Bunton, is a resident of Chatham County, Georgia and can be served with a copy of this Summons and Complaint at Weiner, Shearouse, Weitz, Greenberg & Shaw, 14 East State Street, Savannah, Georgia, 31401.

9.     Defendant Lawrence Bunton is a resident of Liberty County Georgia and can be served with a copy of this Summons and Complaint at 358 Pine Avenue, Midway, Georgia. 31320.

10.     Lynn Townsend asserted claims against Aron G. Weiner and Lawrence Bunton in the *Townsend* litigation. Mr. Weiner and Mr. Bunton are named in this Declaratory Judgment litigation as defendants in that they may have an interest in the subject matter of this action.

### Jurisdiction and Venue

11.     This Court has jurisdiction of this matter pursuant to 28 U. S. C. § 1332 because ACE American and all Defendants are citizens of different states and the amount in controversy exceeds $75, 000.

12.     At issue is ACE American's obligation, if any, to pay underinsured motorist coverage to Lynn Townsend for damages that may be awarded in her favor in the *Townsend* Litigation, as Executrix for Robert G. Townsend and individually in her own behalf, arising out of a May 31, 2008 automobile accident.

13.     The *Townsend* Litigation avers that the economic value of the life of decedent Robert P. Townsend well exceeds $2,000,000.00 and approaches $3,000,000.00. See Exhibit "B" at ¶ 17.

3

14.     Therefore, the monetary value of this Declaratory Judgment action exceeds the sum of $75,000, exclusive of interest and costs.

15.     Venue is proper in this Court pursuant to 28 U. S. C. §1391(a) because a substantial part of the events giving rise to the claim occurred in this judicial district, at least one defendant resides in this district, and all defendants reside in Georgia.

### Nature of the Controversy

16.     On or about July 3, 2007, ACE American received a submission from a representative of SABIC Innovative Plastics ("Sabic") for general liability coverage, auto liability coverage, and workers compensation coverage. See Exhibit "C." Under the heading "Coverage Extension," the submission states: "2. Uninsured/Underinsured Motorist Coverage Symbol 6 – (reject where applicable or minimum statutory limits.)"

17.     ACE American issued policy no. ISAH08237013 to Sabic for the period  August 31, 2007 through August 31, 2008. A copy of the business auto policy is attached as Exhibit "D." The policy's Declarations use the symbol "6" to designate which autos are "covered autos." The policy defines "6" to mean "only those 'autos' that you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorist Coverage." Consistent with this definition, endorsement no. 4 to the policy does not list Georgia as a state for which the policy provides uninsured or underinsured motorist coverage.

18.     After inception of the policy, a representative of Sabic wrote to ACE American enclosing state-specific rejection forms. The September 17, 2007 cover letter states, "The intent of Sabic Innovative Plastics is to reject /or take the minimum Uninsured/Underinsured coverage in all states."

4

19.     On May 31, 2007, Lynn Townsend and her husband Robert Townsend were traveling south on Highway 17 in Chatham County, and Delores Bunton was traveling north on Highway 17 in Chatham County. According to the complaint filed in the *Townsend* litigation, an accident occurred between the two vehicles when Sandra Bunton caused the vehicle she was driving to turn into the path of the vehicle driven by Robert Townsend. Further according to the complaint filed in the *Townsend* litigation, Robert Townsend and Sandra Bunton were killed as a result of the collision and Lynn Townsend sustained injuries.

20.     The accident occurred after inception of the policy, which ACE American issued in accordance with the application, and after Sabic's issuance of correspondence confirming Sabic's rejection of uninsured and underinsured motorist coverage in all states where rejection is permitted.

21.     By letter to Lynn Townsend's counsel dated December 9, 2008, ACE American's counsel advised Lynn Townsend that Sabic effectively rejected underinsured motorist coverage under O. C. G. A. § 33-7-11. A copy of the December 9, 2008 letter is attached as Exhibit "D."

22.     Subparagraph (a)(1) of O. C. G. A. § 33-7-11 sets forth the uninsured motorist coverage requirements for insurers licensed in Georgia with respect to vehicles garaged in Georgia.

23.     Subsection O. C. G. A. § 33-7-11(a)(3) allows the named insure to reject uninsured motorist coverage. Subsection O. C. G. A. § 33-7-11(a)(3) begins, "The coverage required under paragraph (1) of this subsection shall not be applicable where any insured named in the policy shall reject the coverage in writing."

5

24.     Under Georgia law, an application for insurance, correspondence to the insurer, and correspondence to the insured's agent or broker each constitutes "rejection in writing" for purposes of O. C. G. A. § 33-7-11(a)(3).

25.     Sabic rejected underinsured motorist coverage in the application for insurance and confirmed the rejection in correspondence.  The December 9, 2008 letter to Lynn Townsend's counsel advises of these rejections in writing.

26.     Lynn Townsend continues to seek underinsured motorist coverage under the ACE American policy even though the business auto liability policy issued by ACE American to Sabic, consistent with Sabic's rejections in writing, states that covered autos do not include any states in which underinsured motorist coverage can be rejected.

27.     To protect ACE American's right to deny underinsured motorist coverage under the Policy to Lynn Townsend, individually and as Executrix of the Estate of Robert P. Townsend, ACE American seeks a ruling from this Court that: (a) Sabic rejected underinsured motorist coverage in writing in satisfaction of O. C. G. A. § 33-7-11; (b) and that, therefore, ACE American has no obligation to pay underinsured motorist coverage under ACE American policy no. ISA H08237013, as sought by Lynn Townsend.

### CLAIM FOR DECLARATORY RELIEF

28.     There is a real, substantial, and justiciable controversy between the parties concerning underinsured motorist coverage under the ACE American policy for any judgment entered in favor of Lynn Townsend in the *Townsend* Litigation.

6

29.   This is an action for a declaratory judgment pursuant to 28 U. S. C. § 2201 for determining a question of actual controversy between the parties as set forth below.

30.   ACE American states that it is not obligated to pay or provide underinsured motorist coverage to Lynn Townsend, individually or as Executrix for the Estate of Robert Townsend, because underinsured motorist coverage was rejected in writing for purposes of the ACE American policy under which Lynn Townsend seeks that coverage.

WHEREFORE, Plaintiff ACE American respectfully requests that judgment be entered in this action as follows:

A.   Declaring the ACE American has no obligation to pay or provide underinsured motorist coverage to Lynn Townsend in the event that a judgment is entered in her favor in the *Townsend* Litigation;

B.   Declaring that ACE American is entitled to further relief as may be necessary and proper.

7

Respectfully submitted, this 9th day of June, 2009.

| | |
|---|---|
| | **s/ Kenan G. Loomis** |
| | Kenan G. Loomis |
| | Georgia Bar Number 457865 |
| | COZEN O'CONNOR |
| | Suite 2200, SunTrust Plaza |
| | 303 Peachtree Street, NE |
| | Atlanta, Georgia 30308 |
| | Telephone: (404) 572-2028 |
| | Facsimile: (866) 591-9127 |
| | E-mail: kloomis@cozen.com |
| | |
| | Of Counsel: |
| | Deborah M. Minkoff |
| | COZEN O'CONNOR |
| | 1900 Market Street |
| | Philadelphia, Pennsylvania |
| | Telephone: (215) 665-2170 |
| | Facsimile: (215) 701-2170 |
| | E-mail: dminkoff@cozen.com |
| | |
| | *Attorneys for Plaintiff ACE American Insurance Company* |

8