# EXHIBIT A

# DUFFY & FEEMSTER, L.L.C.
## ATTORNEYS AT LAW

Marshall Row Law Offices
236 East Oglethorpe Avenue
Savannah, Georgia 31401

ROBERT J. DUFFY (1922-2005)

DWIGHT T. FEEMSTER
MATTHEW W. BUSH
JOHN R. STROTHER, III
WILLIAM L. NORSE, JR.

STANLEY E. HARRIS, JR.
Of Counsel

REPLY TO:
P.O. BOX 10144
SAVANNAH, GA 31412
TELEPHONE: 912-236-6311
FACSIMILE: 912-236-7641
         912-238-4200
E-Mail: dwight@duffyfeemster.com

October 14, 2008

**CERTIFIED/RETURN RECEIPT**

**7007 2560 0001 3388 1838**
Ms. Patricia Loberg
Third-Party Administrator for
SABIC Innovative Plastics, US LLC
P. O. Box 14454
Lexington, Kentucky 40512-4454

**7007 2560 0001 3388 1869**
Ace American Insurance Company
436 Walnut Street
P. O. Box 1000
Philadelphia, Pennsylvania 19105-3703

| RE: | Our Client: | Lynn Townsend, Individually and as Executrix of the Estate of Robert P. Townsend |
|---|---|---|
| | D/L: | 05/31/08 |
| | Your Insured: | SABIC Innovative Plastics US LLC |
| | Your File No.: | A821103695-0001-01 (Robert Townsend) |
| | | A821103695-0002-01 (Lynn Townsend) |
| | Ace Amer. Policy No.: | ISAH08237013 |
| | Our File No.: | 10455 |

**SETTLEMENT DEMAND**

Dear Ms. Loberg:

This letter and accompanying documentation constitutes a settlement demand. Accordingly, without the consent of my client, none of the information contained herein shall be introduced into evidence in any trial between the parties in regard to the above referenced matter unless the same is otherwise admissible.

Enclosed with this letter are the following:

Ms. Patricia Loberg
October 14, 2008
Page 2

1.  Georgia Uniform Motor Vehicle Accident Report number 080531169 and supplement thereto;

2.  GBI Toxicology Report for Robert P. Townsend and Sandra Bunton;

3.  My letter to Bob Wellman of July21, 2008;

4.  My letter to you of August 13, 2008;

5.  Your coverage information for policy number ISAH08237013;

6.  A copy of the alleged rejection of Uninsured Motorist coverage on policy number ISAH08237013;

7.  Certified copy of Letters Testamentary for Lynn Townsend in Estate of Robert P. Townsend;

8.  General Electric employment evaluation of Robert P. Townsend;

9.  An economic analysis of lost earning capacity and household contribution of Robert P. Townsend;

10. Tax returns of Robert P. Townsend and Lynn Townsend from 2003 to 2007;

11. Medical records and medical bills of Lynn Townsend;

12. Mercury Insurance Coverage information and policies;

13. Settlement demand to Mercury Insurance Company;

14. Allstate Insurance Company declarations regarding coverage;

15. A copy of the funeral bill; and

16. A compact disc containing photos from the accident scene.

Ms. Patricia Loberg
October 14, 2008
Page 3

## INCIDENT

On May 31, 2008 my client Lynn Townsend and her husband, Robert Townsend were heading to Love's Seafood Restaurant located on GA Highway 17 near King's Ferry. Mr. Townsend was driving. Mrs. Townsend was in the front passenger seat. They were riding in a 2008 Chevrolet Impala. It was a company bar but this was not a business trip. SABIC, LLC, Mr. Townsend's employer, has claimed ownership of the vehicle. Another couple was in the back seat (neighbors of the Townsends). The Townsends were traveling south on Highway 17 approaching the intersection with Silk Hope Road. They were in the left lane of the southbound traffic, which has two lanes. At the same time Sandra Bunton was traveling North on Highway 17 approaching the same intersection. She apparently had just ingested a large quantity of cocaine as her toxicology revealed a positive result for a large quantity of cocaine and a crack pipe was found in her car. She had withdrawn $2000 from her husband's checking account that morning and no evidence of that money was found after the collision. Sandra Bunton turned across the southbound traffic at the last second directly into the lane of travel of the Townsends. Robert Townsend attempted to stop but was unable to avoid the collision. As a result of the collision Robert Townsend was killed. Sandra Bunton was also killed. Lyn Townsend suffered injuries, was hospitalized and incurred more than $20,000.00 in medical bills.

## COVERAGE

Allstate Insurance Company has primary liability coverage on the vehicle of the decedent Sandra Bunton of $25,000 per person and $50,000 per occurrence. That policy number is 00915278034. The claim number is 0113195555. The adjuster for Allstate is Kimberly Hollman. Her phone number is (770) 552-5180.

Mercury Insurance Company claims to have 100/300 coverage on the uninsured motorist coverage for the personal automobiles of Robert and Lynn Townsend. The adjuster is Derrick Bayer. That policy number is CS00Z365-14. Mr. Townsend's policy number is GA-01066339. Mr. Bayer's telephone number is (770) 552-5180.

Ace American Insurance Company provided liability coverage on the 2008 Chevrolet Impala, which was involved in the accident on May 31, 2008. The policy number is ISAH082371013. The policy provided $3,000,000.00 worth of liability coverage and the declarations page has indicated that the uninsured or underinsured motorist coverage was "statutory." The Chevrolet Impala was and housed in the State of Georgia. Georgia law requires that Ace American Insurance Company provide the insured the option of purchasing UM coverage

Ms. Patricia Loberg
October 14, 2008
Page 4

($3,000,000.00). O.C.G.A. §33-7-11(a)(1)(B).

You have produced for us a document which purports to be a rejection of the UM coverage signed by an individual whose name is not legible. The document does not indicate who he or she is or what he or she does, or whether he or she is employed by the insured, or anybody else. We have asked counsel for SABIC for the name and position of the individual who supposedly signed the rejection and we have not been provided that information. Accordingly, the rejection has not been signed by the "named insured" as required by Georgia law. O.C.G.A. §33-7-11(a)(3). Accordingly, the rejection of the UM coverage is invalid and the default position is that Ace American Insurance Company is required to provide at least $3,000,000.00 worth of UM coverage on this policy, assuming there is no other additional liability coverage or a valid election for UM coverage less than any additional coverage.

I have asked SABIC and you for a copy of insurance policy number ISAHO8237013, a copy of the application for this policy and any secondary umbrella policy/policies and application for those policy/policies. We also would request any valid election/rejections of UM coverage in relation to additional liability coverage. I have yet to receive the applications or the policies requested. Please forward those to me as soon as possible. My client is entitled to this information under Georgia law.

## LIABILITY

The liability in this case is as clear as a bell. I doubt that I have ever seen a case where the liability was so abundantly clear. It is clear that Mrs. Bunton failed to yield the right-of-way while turning left into the path of the automobile occupied by my client and her deceased husband. The police officer found a crack pipe in her automobile. Also enclosed is the toxicology report showing that Mrs. Bunton had excessive amounts of cocaine in her system at the time of the accident.

## DAMAGES

The damages in this case are staggering. Mr. Townsend is deceased. He was employed in a very responsible position with SABIC, LLC. He previously was employed by General Electric in the plastics division. SABIC had recently purchased this plastics division from General Electric. Mr. Townsend had been a valued employee of General Electric before the purchase of by SABIC. He had a very bright future and was in line for a Global Management Position with SABIC as can be seen from the Performance Evaluation of Mr. Townsend. The lost future earnings and value of services resulting from the death of Robert P.

Ms. Patricia Loberg
October 14, 2008
Page 5

Townsend exceeds 2,700,000.00.  Furthermore, Mr. Townsend had previously been employed with DuPont and was vested for a pension plan, which would have paid him $2,700.00 per month at retirement until his death.  Mrs. Townsend was forced to elect to begin receiving $400.00 per month from that plan at the present time due to her sudden economic needs due to the untimely death of her husband.  She and Mr. Townsend could have waited and received $2,700.00 per month at his retirement.  Also, Mr. Townsend would soon have been in a Global Management Position as per the enclosed evaluation.  His anticipated increase in salary is included in the analysis as is his anticipated pension with that new position which would have paid him $60,000.00 per year upon retirement.  Also, Mrs. Townsend's loss of the relationship with her husband has an incredible value.

Also, Mrs. Townsend was in the vehicle with Mr. Townsend at the time of his violent death.  Therefore, she has a claim for emotional pain and suffering associated not only with her own injuries but also for the emotional distress she suffered in witnessing the injuries and death inflicted upon her husband.  See, Lee v. State Farm, 272 Ga. 583 (2000).

Mrs. Townsend's own medical bills are in excess of $20,000.00 and she continues to incur medical bills and therapy.  The funeral bill exceeded $7,000.00.

Mrs. Townsend has had a tremendous change in her life.  She has gone from being a wife, married to an individual earning in excess of six figures a year with a fantastic future (as can be seen from the enclosed report from General Electric) to a widow making $30,000.00 a year.

## STACKING AND PRIMARY COVERAGE

Mrs. Townsend is allowed to stack the available UM coverage.  O.C.G.A. §33-7-11(b)(1)(D)(ii).

Under the Georgia "payment of premiums test," it appears that the Mercury Insurance has primary UM coverage.  Much like this situation, Mercury Insurance Group has failed to obtain a rejection of UM coverage equal to its umbrella coverage as required by Abrahams v. Atlantic Mutual Insurance Company, 282 Ga. App. 176 (2006).  They have $1,000,000.00 worth of umbrella coverage and we have demanded the policy limits.  However, there is earlier election under the automobile policy for UM coverage of 100/300 signed by Mr. Townsend.  Our position at this time is that the election does not relate to the umbrella policy because the umbrella policy makes no provisions for UM

Ms. Patricia Loberg
October 14, 2008
Page 6

coverage as required by <u>Abrahams v. Atlantic Mutual Insurance Company</u>, <u>supra</u>. Mercury Insurance Group has not yet responded to our demand.

Even assuming the Mercury Insurance Group has $1,000,000.00 worth of UM coverage, my client's claim well exceeds the $1,000,000.00 as you can see from the above referenced economic analysis and the enclosed documents.

Given the circumstances of the case, the economic loss of 2.7 million dollars, the pain and suffering involved on behalf of the Estate of Robert P. Townsend, the fact that Mrs. Townsend has a claim associated with the mental pain and suffering for her injuries but also for the emotional distress she suffered in witnessing the injuries and death inflicted upon her husband, the claim is well worth your policy limits also.

## DEMAND

Therefore, demand is made upon Ace American Insurance Company for $3,000,000.00 under policy number ISAH08237013 to settle all claims against Ace American Insurance Company. However, this demand is subject to and requires a sworn affidavit from the appropriate employees of SABIC, LLC and Ace American Insurance Company that: (1) there is no other liability policy which would provide insurance coverage for the vehicle in question, whether it be an primatry,umbrella or other secondary policy; and (2) that if such policy or policies do exist, there is a valid rejection of any UM coverage under that policy. The settlement would be expressly conditioned upon that warranty and representation.

## BAD FAITH

If you refuse to pay the demand amount within 60 days of the receipt of this letter it will be prima facia evidence of your bad faith and my client will proceed to take a judgment against the defendant. My client is in the process of petitioning the Probate Court of Liberty County to appoint the county administrator as Administrator of the Estate of Sandra Delores Bunton. As such, he would be the defendant in the case. Any judgment in excess of the $1,000,000.00 up to $4,000,000.00 will result in a penalty of 25 percent of any such amount (which could be $750,000.00) plus attorney's fees (which could be $1,000,000.00 under a contingency fee agreement of 33 percent), and expenses of litigation. Your client is looking at an increase in exposure of $1,750,000.00 plus expenses of litigation. Ace American Insurance Company can settle this case in good faith for $3,000,000.00 or risk paying an additional $1.75 million plus expenses of litigation for itself and Mrs. Townsend. See O.C.G.A. §33-7-11(j).

Ms. Patricia Loberg
October 14, 2008
Page 7

Please be governed accordingly.

I remain,

Respectfully yours,

Dwight T. Feemster
For the Firm

DTF/baw
Enclosures
C:      Mrs. Lynn Townsend w/o enc.
        John McKinley, Esq.